## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-14330 |
| | ) | |
| MARY JANE FAIT, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |

## COVER SHEET FOR FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FIGLIULO & SILVERMAN, P.C. AS TRUSTEE'S COUNSEL

### (Local Rule 5082-1(A))

| | |
|---|---|
| Name of Applicant: | Figliulo & Silverman, P.C. |
| Authorized to Provide Professional Services to: | Michael K. Desmond, not individually but as Chapter 7 Trustee for the Estate of Mary Jane Fait |
| Date of Order Authorizing Employment: | December 6, 2012 [Dkt. 73] |
| Period of Which Compensation is Sought: | November 12, 2012 through August 31, 2013 (allowance and payment) |
| Amount of Fees Sought: | $25,062.50 |
| Amount of Expenses Sought: | $0.00 |

This is a(n):    Interim Application: _____    Final Application:   X

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| **Date Filed** | **Period Covered** | **Total Requested (Fees & Expenses)** | **Total Allowed (Fees & Expenses)** | **Fees & Expenses Previously Paid** |
|---|---|---|---|---|
| None | | | | |

Dated: May 13, 2014                    Respectfully submitted,

**FIGLIULO & SILVERMAN, P.C.**

By: /s/ William G. Cross

Michael K. Desmond (IL #6208809)
William G. Cross (IL #6299574)
FIGLIULO & SILVERMAN, P.C.
Ten South LaSalle Street
Suite 3600
Chicago, Illinois 60603
(312) 251-4600

*Counsel for Michael K. Desmond, Chapter 7*
*Trustee for the Estate of Mary Jane Fait*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-14330 |
| | ) | |
| MARY JANE FAIT, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |

### FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FIGLIULO & SILVERMAN, P.C., AS TRUSTEE'S COUNSEL

Michael K. Desmond and the law firm of Figliulo & Silverman, P.C., collectively ("F&S"), counsel to Michael K. Desmond, not individually but solely in his capacity as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Mary Jane Fait (the "Debtor"), pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the U.S. Bankruptcy Court for the Northern District of Illinois (the "Local Rules") requests the entry of an order allowing and paying a first interim award of compensation and reimbursement of expenses in the above-captioned case (the "Application").

In this Application, F&S seeks allowance and payment of final compensation of $25,062.50 for 94.80 hours of legal services rendered to the Trustee during the period November 12, 2012 through August 31, 2013 (the "Application Period"). In support of its Application, F&S states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Fee Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

3.      The statutory predicates for the relief requested herein are Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 5082-1.

## **INTRODUCTION**

4.      On April 9, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the U.S. Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Chapter 11 Case").

5.      On November 13, 2012 (the "Conversion Date"), the Debtor's Chapter 11 Case was converted to a case under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case").

6.      On the Conversion Date, the United States Trustee appointed Michael K. Desmond as Chapter 7 Trustee of the Debtor's bankruptcy estate.

## **BACKGROUND**

7.      On November 29, 2012, the Trustee filed an application with this Court seeking to retain F&S as counsel to represent the Trustee in this bankruptcy case.

8.      On December 6, 2012, the Court entered the *Order Granting Trustee's Application for Authority to Employ Counsel* [Dkt. 73], on the terms and conditions set forth in the motion.  A true and correct copy of the Court's December 6, 2012 order is attached hereto as **Exhibit A**.

9.      As set forth in the application, F&S is entitled to receive compensation on an hourly basis, which, as set forth in the application, are F&S's standard and customary hourly rates for work of this nature.  Pursuant to the terms of F&S's employment by the Trustee, F&S is entitled to payment of legal fees according to the rates set forth below:

| Jeff D. Harris | $400 per hour |
|---|---|
| Michael K. Desmond | $375 per hour |
| Marc Porter | $350 per hour |
| William G. Cross | $250 per hour |
| Associates | $250 -275 per hour |
| Paralegal | $95 per hour |

10.     Additionally, as set forth in the application, F&S is entitled to recover all expenses incurred in connection with its representation of the Trustee, including, but not limited to such expenses as filing fees, expert witness fees, deposition costs, transcripts, travel costs, copying costs, and courier charges.   F&S's expenses will be reimbursed by the Debtor's bankruptcy estate out of the general funds of the estate subject to approval of this Court.

11.     F&S has received $0.00 in previously awarded compensation and reimbursement of expenses.

**LEGAL SERVICES PERFORMED BY F&S**

12.     In connection with this case, F&S negotiated with the Debtor and Debtor's counsel concerning the turnover of $317,561.86 to the Trustee during the Application Period.

13.     Since the Conversion Date and during the Application Period, F&S has been advising the Trustee with respect to his rights and duties in this Chapter 7 proceeding as well as on legal issues relating to the administration of the Debtor's assets, and performing such other legal services as may be required from time to time as may be necessary to protect the Estate, including routine court appearances.   Specifically, F&S advised the Trustee with respect to current case law concerning the Debtor's asserted exemption in her late ex-husband's life insurance proceeds, partnership distributions from the Debtor's employer, and tax issues related

3

to property of the estate.

14.    F&S seeks allowance and payment of final compensation of $25,062.50 for 94.80 hours of legal services rendered to the Trustee during the Application Period.

15.    In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, F&S submits that the amount for sought for payment in this Application is fair reasonable.

16.    Pursuant to Local Rule 5082-1(C), F&S has attached hereto as **Exhibit B** its detailed time records setting forth the date the work was performed, the attorney performing the work, a brief statement of the nature of the work, and the time expended and fee charged for the work described in the entry.

17.    As required by Local Rule 5082-1(B) and (C), F&S provides the following Narrative Summary and Detailed Statement of Services.

## **NARRATIVE SUMMARY**

### *(LOCAL RULE 5082-1(B))*

18.    <u>Local Rule 5082-1(B)(1)(a)</u> – During the First Application Period, F&S performed a variety of services on the Trustee's behalf, which have been categorized into principal activities.  A summary list of these principal activities and the total compensation requested in connection with each is as follows:

| Task | Hours | Fees |
|---|---|---|
| Motions for Relief from Stay | 1.3 | $312.50 |
| Objection to Exemption | 39.5 | $10,125.00 |
| Turnover of Law Firm Capital Account | 11.25 | $2,968.75 |
| Tax Issues | 12.25 | $3,250.00 |
| Settlement Discussions and Approval | 28.5 | $7,843.75 |
| Employment of Professionals | 2.0 | $562.50 |
| TOTALS: | 94.80 | $25,062.50 |

4

19.   <u>Local Rule 5082-1(B)(1)(b)</u> – Narrative summaries of F&S's principal activities

follow, including details as to individual tasks performed within each activity:

(a) **Motions for Relief from Stay** – The services under this task primarily consisted of reviewing and analyzing a motion for relief from stay filed by a creditor with respect to the Debtor's real property and appearing in bankruptcy court on behalf of the Trustee.  In connection with these services, F&S expended 1.3 hours and incurred $312.50 in fees during the Application Period.

(b) **Objection to Exemption** – The services under this task primarily consisted of examining an exemption asserted by the Debtor in the proceeds of her late ex-husband's life insurance policy for which the Debtor was the beneficiary.  F&S researched and analyzed relevant state and bankruptcy case law on the issue, drafted and filed an objection to the exemption, and negotiated a settlement with the Debtor concerning turnover to the estate of $192,686.62.  In connection with these services, F&S expended 39.5 hours and incurred $10,125.00 in fees during the Application Period.

(c) **Turnover of Law Firm Capital Account** – The services under this task primarily consisted of negotiating the turnover of proceeds from the Debtor's partnership interest in her law firm-employer, which resulted in turnover to the estate of $68,262.00.  In connection with these services, F&S expended 11.25 hours and incurred $2,968.75 in fees during the Application Period.

(d) **Tax Issues** – The services under this task primarily consisted of analyzing federal and state income tax issues that may arise with respect to property of the estate in this case as well as analyzing priority tax claims asserted by state and federal governmental entities and advising the Trustee with respect to the same. In connection with these services, F&S expended 12.25 hours and incurred $3,250.00 in fees during the Application Period.

(e) **Settlement Discussions and Approval** – The services under this task primarily consisted of negotiation settlement agreement with the Debtor and Debtor's counsel and resolution of disputes over property of the estate, as well as the preparation, filing, and appearance in court on behalf of the Trustee on a motion for approval of the settlement agreement.  The settlement agreement resulted in the turnover of $317,561.86.  In connection with these services, F&S expended 28.5 hours and incurred $7,843.75 in fees during the Application Period.

(f) **Employment of Professionals** – The services under this task primarily consisted of drafting and filing motions to employ Trustee's counsel.  In connection with these services, F&S expended 2.0 hours and incurred $562.50 in fees during the Application Period.

5

20.     Local Rule 5082-1(B)(1)(c) – F&S does not seek reimbursement of fees or expenses incurred in preparation of this Application.

21.     Local Rule 5082-1(B)(1)(d) – A chart listing the name and position of each person with F&S who performed work on each task and activity, the approximate hours worked, and the total compensation sought for each person's work  is attached as **Exhibit C.**

22.     Local Rule 5082-1(B)(1)(e) – The chart attached as **Exhibit D** also sets forth the hourly rate for each professional and paraprofessional for whom compensation is requested, with the total number of hours expended by each person and the total compensation sought for each.

23.     Local Rule 5082-1(B)(1)(f) –  This is the first application filed by F&S for compensation and reimbursement of expenses.

24.     Local Rule 5082-1(B)(1)(g) – In this Application, F&S does not seek reimbursement of any actual, necessary out of pocket expenses.

25.     Local Rule 5082-1(B)(2) – F&S seeks the allowance and payment of compensation of $25,062.50 for legal services rendered to the Trustee during the Application Period.

## DETAILED STATEMENT OF SERVICES
### *(LOCAL RULE 5082-1(C))*

26.     The Bankruptcy Rules require "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate [to] file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). The Local Rules permit "[t]he applicant's detailed time records [to] constitute the detailed statement required by Fed. R. Bankr. P. 2016(a). Such statement must be divided by task and activity to match those set forth

in the narrative description. Each time entry must state: (1) the date the work was performed, (2) the name of the person performing the work, (3) a brief statement of the nature of the work, (4) the time expended on the work in increments of tenth of an hour, and (5) the fee charged for the work described in the entry." Local R. 5082-1(C).

27.     The time detail attached as **Exhibit B** comply with the requirements of Bankruptcy Rule 2016(a) and Local Rule 5082-1(C), because all time is divided by tasks and activities that match the narrative descriptions in this First Application, and all time entries state the date of the work, name of person performing the work, a brief description of the nature of the work, the time expended on the work in increments of tenth of an hour, and the fee charged for the work described.

## BASIS FOR RELIEF

28.     Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of F&S's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by F&S during the Application Period were required for the proper representation of the Trustee in its bankruptcy case.

29.     There has been no duplication of services by partners, associates, paralegals, or clerks of F&S for which compensation is requested herein. In instances where two or more attorneys, paralegals or clerks participated in any matter, joint participation was deemed necessary due to the complexity of the issues involved. F&S has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals. However, F&S professionals have been required to conduct a limited number of conferences to

provide effective legal representation to the Trustee as outlined in *In re Adventist Living Ctrs.,
Inc.*, 137 B.R. 701, 716 (Bankr. N.D. Ill. 1991).

30.     From the outset of this case, professionals at F&S were instructed to avoid
recording time entries which contained "lumping" as discussed in *In re Pettibone Corp.*, 74 B.R.
293, 302 (Bankr. N.D. Ill. 1987).

31.     The time detail attached hereto contain all of the information required by Local
Rule 5082-1(C) in order to constitute the detailed statement required by Bankruptcy Rule
2016(a). F&S has endeavored to: (a) avoid lumping multiple tasks into a single entry; (b)
minimize time spent on interoffice conferences, though at times, such conferences were
necessary and unavoidable; and (c) provide detail about each task, such as the subject matter of
each telephone conference, correspondence, document review, etc.

32.     F&S's hourly rates for professionals who performed services for the Trustee
during the Application Period are less than or comparable to rates charged by other practitioners
having the same amount of experience, expertise, and standing for similar services in comparable
Chapter 7 cases in the Northern District of Illinois. The compensation sought by F&S in this
Application is for ordinary and necessary services rendered to the Trustee, and the fees sought
are reasonable.

33.     Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally
applicable criteria with respect to time, nature, extent, and value of services performed, all of
F&S's services are compensable and the compensation requested is fair and reasonable. All of
the legal services performed by F&S during the Application Period were required for the proper
representation of the Trustee in this bankruptcy case.

34.     The compensation sought by F&S in this First Application is for ordinary and necessary services rendered to the Trustee, and in light of the number of hours spent by F&S rendering legal services to the Trustee in the Chapter 7 case, F&S submits that the amount for sought for payment in this First Application is fair and reasonable.

35.     F&S prepared this First Application in accordance with the guidelines established by Bankruptcy Rule 2016, Local Rule 5082-1, and this Court. In addition to services provided directly for the benefit of the Estate, F&S is also entitled to receive compensation for the preparation of this First Application. *Pettibone*, 74 B.R. at 304.

36.     Although the Court has discretion in reviewing a fee petition, it should exercise its discretion with care and fairness in order to promote the goal of inducing competent and capable attorneys to practice in the bankruptcy court. *See Pettibone*, 74 B.R. at 306. F&S has at all times acted specifically in the best interests of the Debtor and its Estate. All services performed by F&S and all expenses incurred were reasonable and necessary and for the benefit of the Debtor's bankruptcy Estate.

37.     No payments have heretofore been made or promised to F&S for the legal services rendered to the Trustee in connection with this case.

38.     F&S has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by F&S for services rendered to the Trustee in this case.

## **NOTICE**

39.     F&S has provided at least twenty-one days' notice of this Application to all parties registered with CM/ECF in this case, including the Trustee, the Office of the United States Trustee, and Debtor's counsel. Additionally, F&S has served paper copies of a notice of

hearing on this Application by first class U.S. mail on all creditors on the mailing matrix in this case, which identifies F&S as the applicant, states the amounts requested in the Application, and provides contact information for any party to request a copy of the Application free of charge.

WHEREFORE, Figliulo & Silverman, P,C. respectfully requests that this Court enter an order:

(a)     Granting the relief requested in this Application;

(b)     Granting F&S's request to limit notice as set forth above and finding that the notice of the hearing on this Application was sufficient;

(c)     Allowing F&S's fees in the amount of $25,062.50 for the contingency-fee based legal services to the Trustee between November 12, 2012 through August 31, 2013;

(d)     Authorizing and directing the Trustee to pay to F&S $25,062.50 as compensation for the contingency-fee based legal services rendered to the Trustee between November 12, 2012 through August 31, 2013;

and

(e)     Granting such other relief as this Court deems necessary or appropriate.

Dated: May 13, 2014                    **FIGLIULO & SILVERMAN, P.C.**

By: /s/ William G. Cross

Michael K. Desmond (IL #6208809)
William G. Cross (IL #6299574)
FIGLIULO & SILVERMAN, P.C.
Ten South LaSalle Street, Suite 3600
Chicago, Illinois 60603
(312) 251-4600

## CERTIFICATE OF SERVICE

I, William G. Cross, the undersigned attorney, hereby certify that on May 13, 2014, I electronically filed the **First and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Figliulo & Silverman, P.C.** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following individuals:

By: _____/s/ William G. Cross_

ELECTRONIC MAIL NOTICE LIST

- William Cross     wcross@fslegal.com

- Shelly A. DeRousse     sderousse@stahlcowen.com, cgarcia@stahlcowen.com

- Michael K Desmond     mkd.trustee@fslegal.com, IL23@ecfcbis.com

- Michael K Desmond     mdesmond@fslegal.com, dorisbay@fslegal.com

- Toni Dillon     tdillon@atty-pierce.com, northerndistrict@atty-pierce.com

- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov

- Erica Crohn Minchella     erica.minchella@gmail.com

- Scott N. Schreiber     sschreiber@stahlcowen.com

U.S. MAIL SERVICE LIST

America's Servicing Company
c/o McCalla Raymer, LLC
Bankruptcy Department
1544 Old Alabama Road
Roswell, GA 30076

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

New York State Dept of Taxation and Finance
PO Box 4127
Binghamton, NY 13902-4127

Nelnet
3015 South Parker Road Suite 400
Aurora CO 80014-2904

Barneys New York
c/o Creditors Bankruptcy Service
P.O. Box 740933
Dallas, TX 75374

FIA CARD SERVICES, N.A.
Bank of America NA (USA)
MBNA America Bank NA
PO Box 15102

Wilmington, DE 19886-5102

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

American Express Centurion Bank
c o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

FIA CARD SERVICES, N.A.
4161 Piedmont Parkway
NC4 105 03 14
Greensboro, NC 27410

United States Attorney
219 S. Dearborn Street
Chicago, Illinois 60604

D. Patrick Mullarkey
Tax Division (DOJ)
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

Associate Area Counsel, SB/SE
200 West Adams Street
Suite 2300
Chicago, IL 60606

Eric Levine
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                                    )          BK No.:   12-14330
MARY JANE FAIT                            )
                                          )
                                          )          Chapter:  7
                                          )          Honorable Pamela S. Hollis
                                          )
                                          )
               Debtor(s)                  )

## ORDER GRANTING TRUSTEE'S APPLICATIONFOR AUTHORITY TO EMPLOY COUNSEL

   This matter coming to be heard on the application of Michael K. Desmond, not individually, but as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Mary Jane Fait (the "Debtor"), for authority to employ Michael K. Desmond and other partners, associates, and paralegals of the law firm of Figliulo & Silverman, P.C., as counsel in connection with this Chapter 7 case; due notice of the motion having been given to all parties entitled thereto; no objections having been filed; and the Court having been advised of the premises;

It is hereby ordered that:

1.  The Trustee is hereby authorized to retain Michael K. Desmond and other partners, associates, and paralegals of the law firm of Figliulo & Silverman, P.C., as counsel in connection with this Chapter 7 case in accordance with the terms and conditions set forth in the application retroactive to November 13, 2012; and

2. Payment of compensation is subject to further order of this Court, upon separate application.

       Enter:   _Pam S Hollis_

            Honorable Pamela S. Hollis
Dated:   December 06, 2012     United States Bankruptcy Judge

**Prepared by:**

William G. Cross (IL #6299574)
Figliulo & Silverman, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, Illinois 60603

# EXHIBIT B

| Date | Individual | Time | Rate | Slip Value | Description |
|------|-----------|------|------|-----------|-------------|
| **Motions for Relief from Stay** | | | | | |
| 11/19/2012 | William Cross | 0.3 | $250.00 | $62.50 | Fait - Review bank's motion for relief from stay as to debtor's real property and prepare for hearing re same. |
| 11/20/2012 | William Cross | 0.8 | $250.00 | $187.50 | Fait - Appear for hearing on bank's motion for relief from stay as to debtor's real property and debtor's motion for sale of property. |
| 1/21/2013 | William Cross | 0.3 | $250.00 | $62.50 | Correspondence to Erica Minchella regarding proposed short sale of property. |
| | **Sub-Total** | **1.3** | | **$312.50** | |
| **Objection to Exemption** | | | | | |
| 11/27/2012 | William Cross | 0.5 | $250.00 | $125.00 | Research and analyze case law and statutes regarding exemptions in life insurance proceeds. |
| 11/28/2012 | Michael Desmond | 0.5 | $375.00 | $187.50 | Review Amended Schedules filed by Debtor; Conference with WGC re: Same; Phone calls to D. Harvalis. |
| 12/4/2012 | William Cross | 1.3 | $250.00 | $312.50 | Research and analyze bankruptcy case law regarding exemptions in insurance proceeds. |
| 12/4/2012 | William Cross | 0.5 | $250.00 | $125.00 | Correspondence to Debtor's attorney regarding information on basis for debtor's exemption in life insurance proceeds. |
| 12/5/2012 | William Cross | 0.3 | $250.00 | $62.50 | Revise letter to debtor's counsel regarding debtor's basis for exemption in life insurance proceeds. |
| 12/18/2012 | William Cross | 0.5 | $250.00 | $125.00 | Review correspondence from debtor's attorney regarding legal and factual basis for debtor's exemption in life insurance proceeds and review case law cited in letter. |
| 12/19/2012 | William Cross | 0.3 | $250.00 | $62.50 | Review documents produced by Debtor relating to dissolution of marriage proceedings. |

| Date | Attorney | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 12/19/2012 | William Cross | 1.3 | $250.00 | $312.50 | Research and review statutes and case law regarding dependency and support payments. |
| 12/20/2012 | William Cross | 0.8 | $250.00 | $187.50 | Review and analyze debtor's banking and life insurance records in relation to proposed settlement of dispute over exemption and property of the estate. |
| 1/7/2013 | William Cross | 1.5 | $250.00 | $375.00 | Draft trustee's objection to debtor's exemption in life insurance proceeds. |
| 1/9/2013 | William Cross | 2.5 | $250.00 | $625.00 | Draft and revise trustee's objection to debtor's exemption in life insurance proceeds. |
| 1/9/2013 | William Cross | 1.0 | $250.00 | $250.00 | Review and analyze correspondence and financial documents for trustee's objection to debtor's exemption in life insurance proceeds. |
| 1/10/2013 | William Cross | 2.0 | $250.00 | $500.00 | Revise trustee's objection to debtor's exemption in life insurance proceeds and prepare exhibits for same. |
| 1/10/2013 | William Cross | 0.3 | $250.00 | $62.50 | Draft proposed order for trustee's objection to debtor's exemption. |
| 1/23/2013 | William Cross | 0.3 | $250.00 | $62.50 | Proofread and revise trustee's objection to debtor's exemption in life insurance proceeds. |
| 1/23/2013 | William Cross | 2.5 | $250.00 | $625.00 | Proofread and revise trustee's objection to debtor's exemption in life insurance proceeds and prepare same for filing and service. |
| 1/29/2013 | William Cross | 0.3 | $250.00 | $62.50 | Telephone conference with debtor's attorney regarding life insurance proceeds and other personal property issues. |
| 1/29/2013 | William Cross | 0.8 | $250.00 | $187.50 | Draft and revise letter agreement to Debtor's attorney regarding life insurance proceeds and other personal property issues. |
| 1/31/2013 | William Cross | 0.8 | $250.00 | $187.50 | Appear for hearing on Trustee's objection to debtor's exemption in life insurance proceeds. |
| 2/27/2013 | William Cross | 0.5 | $250.00 | $125.00 | Telephone conferences with Debtor's attorney regarding trustee's objection to debtor's exemptions and tax liability issues. |

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 2/28/2013 | William Cross | 1.3 | $250.00 | $312.50 | Appear for continued hearing on Trustee's objection to debtor's exemption claim and setting of briefing schedule on same. |
| 3/4/2013 | William Cross | 0.3 | $250.00 | $62.50 | Contact Judge Hollis's chambers regarding order on continued hearing for trustee's objection to debtor's exemption. |
| 3/21/2013 | Michael Desmond | 0.5 | $375.00 | $187.50 | Review response to claim objection; Research re: same. |
| 3/28/2013 | William Cross | 2.8 | $250.00 | $687.50 | Review debtor's response to trustee's objection to exemption in life insurance proceeds and analyze case law re same. |
| 4/2/2013 | William Cross | 3.0 | $250.00 | $750.00 | Draft reply in support of trustee's objection to debtor's exemption and review file materials for same. |
| 4/3/2013 | William Cross | 0.5 | $250.00 | $125.00 | Proofread and revise reply in support of trustee's objection to debtor's exemption. |
| 4/4/2013 | Michael Desmond | 1.0 | $375.00 | $375.00 | Conference with WGC; Review reply in support of Objection to exemption; Review tax return for 2012 re: Fait. |
| 4/4/2013 | William Cross | 1.3 | $250.00 | $312.50 | Research and analyze case law in connection with reply in support of trustee's objection to debtor's exemption. |
| 4/4/2013 | William Cross | 1.8 | $250.00 | $437.50 | Proofread and revise reply in support of trustee's objection to debtor's exemption. |
| 4/11/2013 | William Cross | 1.3 | $250.00 | $312.50 | Appear for status hearing on Trustee's objection to debtor's exemption in life insurance proceeds. |
| 4/18/2013 | William Cross | 1.0 | $250.00 | $250.00 | Appear for status hearing on Trustee's objection to debtor's exemption. |
| 4/19/2013 | William Cross | 2.3 | $250.00 | $562.50 | Draft trustee's request for production of documents in connection with trustee's objection to debtor's exemption in life insurance proceeds. |
| 4/24/2013 | William Cross | 0.3 | $250.00 | $62.50 | Draft and revise Trustee's request for production of documents in connection with objection to debtor's exemption. |

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 4/25/2013 | William Cross | 1.0 | $250.00 | $250.00 | Research case law and review debtor's documents in advance of hearing on trustee's objection to debtor's exemption. |
| 5/1/2013 | William Cross | 1.5 | $250.00 | $375.00 | Revise Trustee's requests for production of documents and interrogatories in connection with objection to exemption. |
| 5/2/2013 | William Cross | 0.3 | $250.00 | $62.50 | Revise requests for production of documents and interrogatories to debtor. |
| 5/20/2013 | William Cross | 0.3 | $250.00 | $62.50 | Correspondence to Ben Schneider regarding outstanding discovery requests to debtor. |
| 5/30/2013 | William Cross | 0.8 | $250.00 | $187.50 | Attend status hearing on trustee's objection to exemption and hearing on debtor's counsel's motion to withdraw. |
| 6/20/2013 | William Cross | 0.8 | $250.00 | $187.50 | Appear for status hearing on trustee's objection to debtor's exemption and other issues. |
| **Sub-Total** | | **39.5** | | **$ 10,125.00** | |

**Turnover of Law Firm Capital Account**

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 1/4/2013 | Michael Desmond | 0.8 | $375.00 | $281.25 | Conference with Ben Schnieder re: Notice to firm and potential for settlement; Review K-1 and Financial Statement for Firm. |
| 1/4/2013 | William Cross | 0.5 | $250.00 | $125.00 | Telephone conference and correspodence with Eric Levine of Wolf Haldenstein regarding debtor's bankruptcy case. |
| 1/6/2013 | William Cross | 1.5 | $250.00 | $375.00 | Research and analyze case law and statutes regarding estate's interest in law firm partnership interest and capital account. |
| 1/7/2013 | William Cross | 0.5 | $250.00 | $125.00 | Telephone conference with Ben Schneider, Eric Levine and Michael Desmond regarding debtor's law firm compensation issues. |
| 1/7/2013 | William Cross | 0.8 | $250.00 | $187.50 | Draft and revise correspondence from Trustee to Eric Levine and Ben Schneider regarding debtor's year end disbursement. |
| 1/24/2013 | William Cross | 0.3 | $250.00 | $62.50 | Telephone conference with Michael Desmond and Eric Levine regarding law firm interest distribution issues. |

| Date | Attorney | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 1/25/2013 | William Cross | 2.3 | $250.00 | $562.50 | Review and analyze new law firm partnership agreements. |
| 1/30/2013 | William Cross | 1.0 | $250.00 | $250.00 | Revise letter agreement to debtor's attorney regarding turnover of property of the estate. |
| 2/6/2013 | William Cross | 0.3 | $250.00 | $62.50 | Revise letter seeking turnover of property from debtor. |
| 3/12/2013 | Michael Desmond | 0.5 | $375.00 | $187.50 | Review capital account summary from Wolf Hadelstieder; Conference call with B. Schneider and will Cross re: Settlement of Fait issues. |
| 4/24/2013 | William Cross | 2.0 | $250.00 | $500.00 | Draft motion to compel turnover of personal property by debtor. |
| 6/2/2013 | William Cross | 1.0 | $250.00 | $250.00 | Review and analyze debtor's bank documents and other information on assets subject to turnover. |
| | **Sub-Total** | **11.25** | | **$2,968.75** | |

**Tax Issues**

| Date | Attorney | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 1/31/2013 | Michael Desmond | 0.5 | $375.00 | $187.50 | Review Law firm Operating Agreement; Review draft settlement proposal; Conference with W. Cross re: same. |
| 1/31/2013 | William Cross | 2.5 | $250.00 | $625.00 | Research and analyze bankruptcy court case law and treatises regarding estate's income tax liability. |
| 2/1/2013 | William Cross | 2.5 | $250.00 | $625.00 | Research and review case law regarding consumer bankruptcy income tax liability issues. |
| 2/5/2013 | William Cross | 0.3 | $250.00 | $62.50 | Correspondence with Debtor's attorney regarding tax issues. |
| 2/21/2013 | William Cross | 1.3 | $250.00 | $312.50 | Research and analyze tax issues. |
| 2/25/2013 | Michael Desmond | 0.5 | $375.00 | $187.50 | Legal research re: Tax Issues re: Turnover of Partnership interest. |
| 2/25/2013 | William Cross | 2.3 | $250.00 | $562.50 | Research and analyze case law and statutes regarding estate's tax liability. |
| 2/26/2013 | William Cross | 0.3 | $250.00 | $62.50 | Telephone conference with debtor's attorney regarding tax liability issues and proposed settlement regarding property of the estate. |
| 4/25/2013 | William Cross | 0.5 | $250.00 | $125.00 | Review debtor's motions to extensions to file claim on behalf on IRS and motion to re-impose automatic stay. |

| 4/26/2013 | Michael Desmond | 0.5 | $375.00 | $187.50 | Review motions to extend time to file claim and reimpose automatic stay; Conference with WC. |
| 5/1/2013 | William Cross | 0.5 | $250.00 | $125.00 | Review debtor's motion to extend time to file proof of claim on behalf of IRS and motion to reimpose automatic stay. |
| 5/2/2013 | William Cross | 0.8 | $250.00 | $187.50 | Appear for hearing on debtor's motion to extend time to file claim for IRS and motion to reimpose automatic stay. |
| | **Sub-Total** | **12.25** | | **$3,250.00** | |

**Settlement Discussions and Approval**

| 12/19/2012 | William Cross | 0.3 | $250.00 | $62.50 | Review proposed offer from debtor's counsel to resolve dispute over bank account funds and life insurance exemption. |
| 1/31/2013 | William Cross | 0.5 | $250.00 | $125.00 | Proofread and revise proposed letter agreement regarding resolution of exemption and personal property issues. |
| 1/31/2013 | William Cross | 0.3 | $250.00 | $62.50 | Meeting with Michael Desmond regarding personal property and exemption issues and potential settlement and resolution of same. |
| 1/31/2013 | William Cross | 0.3 | $250.00 | $62.50 | Telephone conference with Debtor's attorney regarding proposed settlement of exemption and personal property issues. |
| 2/6/2013 | Michael Desmond | 0.3 | $375.00 | $93.75 | Conference with W. Cross re: Outline of Fait settlement. |
| 3/12/2013 | William Cross | 0.8 | $250.00 | $187.50 | Telephone conference with Trustee and Debtor's attorney regarding settlement of tax and non-exempt property issues. |
| 4/4/2013 | William Cross | 0.3 | $250.00 | $62.50 | Telephone conference with Debtor's attorney regarding discussion of settlement of disputes. |
| 4/9/2013 | William Cross | 1.3 | $250.00 | $312.50 | Telephone conference with Trustee and Debtor's counsel regarding dispute over personal property and life insurance exemption. |
| 5/22/2013 | Michael Desmond | 0.3 | $375.00 | $93.75 | Conference with S. Schreiber; Send settlement letter. |
| 6/3/2013 | William Cross | 0.8 | $250.00 | $187.50 | Meeting with Debtor's attorneys. |

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 6/3/2013 | William Cross | 1.5 | $250.00 | $375.00 | Prepare for meeting with debtor's attorneys. |
| 6/3/2013 | Michael Desmond | 1.0 | $375.00 | $375.00 | Meeting with S. Schrieber re: Settlement; Review file and partnership capital analysis. |
| 6/14/2013 | Michael Desmond | 0.5 | $375.00 | $187.50 | Conference with S. Schreiber; Review capital account analysis. |
| 6/20/2013 | William Cross | 0.3 | $250.00 | $62.50 | Correspondence with debtor's counsel regarding claim issues. |
| 6/21/2013 | William Cross | 2.5 | $250.00 | $625.00 | Draft settlement agreement and motion to approve settlement agreement. |
| 7/1/2013 | William Cross | 3.3 | $250.00 | $812.50 | Draft and revise proposed settlement agreement and correspondence with debtor's counsel regarding same. |
| 7/1/2013 | Michael Desmond | 0.5 | $375.00 | $187.50 | Review draft settlement agreement; Review analysis of claims. |
| 7/11/2013 | William Cross | 0.3 | $250.00 | $62.50 | Correspondence with Debtor's counsel regarding proposed settlement agreement. |
| 7/15/2013 | William Cross | 0.3 | $250.00 | $62.50 | Review comments on proposed settlement from debtor's attorney and revise document per same. |
| 7/22/2013 | William Cross | 2.0 | $250.00 | $500.00 | Draft proposed order approving settlement and prepare service list for motion. |
| 7/23/2013 | Michael Desmond | 0.8 | $375.00 | $281.25 | Review claims file by and on behalf of IRS; Conference with S. Schrieber and W. Cross; Review draft Settlement Agreement and Motion to approve settlement. |
| 7/24/2013 | William Cross | 0.5 | $250.00 | $125.00 | Revise motion to approve settlement with debtor's regarding life insurance proceeds exemption and turnover of personal property. |
| 7/24/2013 | Michael Desmond | 0.3 | $375.00 | $93.75 | Review and revise Settlement Motion re: Fait. |
| 7/30/2013 | William Cross | 3.5 | $250.00 | $875.00 | Review and analyze revised proposed motion to approve settlement and prepare chart of hypothetical distribution scenarios in connection with priority tax claims. |

# EXHIBIT C

**Exhibit C**   **Summary of Time by Activity**

**Motions for Relief from Stay**

|  | Hours | Rate | Value |
|---|---|---|---|
| Michael K. Desmond | 0.0 | $375.00 | $0.00 |
| William G. Cross | 1.3 | $250.00 | $312.50 |
| Total | 1.3 | | $ 312.50 |

**Objection to Exemption**

|  | Hours | Rate | Value |
|---|---|---|---|
| Michael K. Desmond | 2.0 | $375.00 | $750.00 |
| William G. Cross | 37.5 | $250.00 | $9,375.00 |
| Total | 39.5 | | $ 10,125.00 |

**Turnover of Law Firm Capital Account**

|  | Hours | Rate | Value |
|---|---|---|---|
| Michael K. Desmond | 1.3 | $375.00 | $468.75 |
| William G. Cross | 10.0 | $250.00 | $2,500.00 |
| Total | 11.3 | | $ 2,968.75 |

**Tax Issues**

|  | Hours | Rate | Value |
|---|---|---|---|
| Michael K. Desmond | 1.5 | $375.00 | $562.50 |
| William G. Cross | 10.8 | $250.00 | $2,687.50 |
| Total | 12.3 | | $ 3,250.00 |

**Settlement Discussions and Approval**

|  | Hours | Rate | Value |
|---|---|---|---|
| Michael K. Desmond | 5.8 | $375.00 | $2,156.25 |
| William G. Cross | 22.8 | $250.00 | $5,687.50 |
| Total | 28.5 | | $ 7,843.75 |

**Employment of Professionals**

| | | | |
|---|---|---|---|
| Michael K. Desmond | 0.5 | $375.00 | $187.50 |
| William G. Cross | 1.5 | $250.00 | $375.00 |
| | | | |
| Total | 2.0 | $ | 562.50 |

| | | |
|---|---|---|
| **Grand Totals** | **94.80** | **25,062.50** |

# EXHIBIT D

Mary Jane Fait
12-14330

**Exhibit D**

**Summary of Time**

| Attorney | Title | Hours | Rate | Value |
|----------|-------|-------|------|-------|
| Michael K. Desmond | Shareholder | 11.0 | $ 375.00 | $ 4,125.00 |
| William G. Cross | Associate | 83.8 | $ 250.00 | $ 20,937.50 |
| | | 94.8 | | $ 25,062.50 |